UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cr-00123-JRS-MG |
| | ) | |
| QUOSHAWN STEWART, | ) | -11 |
| | ) | |
| Defendant. | ) | |

**Order on Review of Release Order**

Quoshawn Stewart, one of twenty defendants in this drug-trafficking and dogfighting case, was ordered released pending trial. (Order Setting Conditions of Release, ECF No. 370.) The government seeks review of the release order under 18 U.S.C. § 3145. (ECF No. 372.) The Court held an evidentiary hearing on December 1, 2023, to supplement the record available to the Magistrate Judge. At the close of the hearing, the Court orally **granted** the government's motion, (ECF No. 372), **revoked** the Release Order, (ECF No. 370), and ordered the defendant **detained** until trial. This written order restates the Court's reasons for that decision, in compliance with 18 U.S.C. § 3142(i) ("[T]he judicial officer shall . . . include written findings of fact and a written statement of the reasons for the decision.").

## I.    Legal Standard

On review of a release or detention order, the district judge reviews the magistrate judge's findings *de novo*; the district judge may review the testimony before the magistrate judge and may receive new evidence. *Torres*, 929 F.2d at 291–92. The findings herein are for purposes of this order only; § 3142 does not "modify[] or limit[]

the presumption of innocence." 18 U.S.C. § 3142(j). A judicial officer shall order the pretrial detention of a person if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The statute requires that the conditions of pretrial release "reasonably assure,"—not guarantee—the person's appearance and others' safety. *Torres*, 929 F.2d at 292.

To determine whether any conditions could "reasonably assure" a defendant's appearance and the safety of another person and the community, the Court considers four factors: (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The government bears the burden of proving risk of flight by a preponderance of the evidence, *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985), and bears the burden of proving danger to any person or the community by clear and convincing evidence, 18 U.S.C. § 3142(f)(2), which is greater than a preponderance of the

evidence, but less than a reasonable doubt, *Addington v. Texas*, 441 U.S. 418, 431–33 (1979).  In the case of serious drug crimes, like those at issue here, the government enjoys a rebuttable presumption that there are no conditions that will assure the defendant's appearance and the safety of the community.  *United States v. Wilks*, 15 F.4th 842, 846 (7th Cir. 2021) (citing 18 U.S.C. § 3142(e)(3)(A)).  The defendant has a burden of production to defeat the presumption, at which point the presumption becomes one among many factors in the § 3142(g) balance.  *Id.*

## II.  Discussion

The Court considered the record available to the Magistrate Judge as supplemented by evidence introduced, including by incorporation, at the December 1, 2023, evidentiary hearing.  The Court makes the following findings of fact and applies the statutory factors set forth in 18 U.S.C. § 3142(g).

With regard to § 3142(g)(1), "the nature and circumstances of the offense charged," the Court agrees with the Magistrate Judge and finds that the charged offense is a serious drug crime.  The Court finds that the rebuttable presumption of 18 U.S.C. § 3142(e)(3)(A) applies, and, though the defendant met her burden of production to rebut the presumption, the presumption itself is evidence of Congress' belief that defendants in serious drug crimes are especially likely candidates for pre-trial detention.

With regard to § 3142(g)(2), "the weight of the evidence against the person," the Court again agrees with the Magistrate Judge and finds that on the available record, the government's case appears to be strong.

With regard to § 3142(g)(3), "the history and characteristics of the person," the Court found the factors to be somewhat mixed. The Magistrate Judge found that the defendant's "family ties" and "community ties" were strong in Indiana and that those ties weighed against detention as a flight risk. The Court, on review and after further colloquy with defense counsel, finds that the defendant has some ties to Indiana, but also perhaps some ties to Ohio, where she previously resided. For instance, the defendant has a car registered in Ohio. The family and community ties are therefore neutral. The Court finds that evidence of prior employment is uncertain, but that a return to employment is not a reason to order release. The Court finds that the defendant's "physical and mental condition"—specifically, here, her access to dialysis to treat kidney failure—weighs in favor of detention. The Magistrate Judge assessed the factor as neutral, but the record on review indicates that the defendant is receiving more consistent care to date in detention than she received prior to her arrest. The Court agrees with the Magistrate Judge that the defendant's "past conduct," "history relating to drug or alcohol use," "criminal history," and "record concerning appearance at court proceedings" all weigh strongly in favor of detention. The defendant has a lengthy and violent criminal history, interspersed with multiple probation violations and failures to appear. The Court finds that the defendant's pre-trial access to substance abuse treatment, to the extent it is permissibly considered under the statutory factors, is neutral. While the defendant has no access to formal treatment, the evidence shows she is now, in detention, sober for the first time in a long while and is using the self-help resources available. The Magistrate Judge

considered the effect of detention on the defendant's minor son, perhaps under the "family ties" factor. To the extent that is permissibly considered under the statutory factors, the Court finds that the defendant's son is adequately situated living with defendant's wife, with additional support being provided if necessary by defendant's sister, his aunt, so his welfare is neutral as to detention or release. There is no good evidence indicating that the defendant's minor son would go into foster care or otherwise be deprived of his current living situation in the few months remaining before he reaches the age of majority.

Finally, with regard to § 3142(g)(4), "the nature and seriousness of the danger to any person or the community," the Court finds that the defendant's lengthy and often violent criminal history poses a serious risk to the community. To cite just one salient instance, the defendant faces pending charges, for which she has agreed to plead guilty to pursuant to a plea agreement she signed on or about August 8, 2023, in state court, for allegedly discharging a firearm to intimidate a gas station clerk. Her record also includes convictions for violent conduct such as aggravated assault, assault and intimidation.

## III.   Conclusion

The Magistrate Judge at the close of the detention hearing said, "this is the criminal history of an individual that I would almost never release from custody. Because [the defendant] ha[s] been given multiple opportunities and demonstrated on multiple occasions that [she] will not comply with conditions of release and probation." This Court agrees. But whereas the Magistrate Judge found that "the

opportunity for [her] to get treated, the opportunity for [her] to get [her] dialysis treatment, [her] opportunity to be a mother to [her] minor son, who may have to go into the system if [she's] detained" was "enough" to order release, this Court disagrees based in part on the new evidence of satisfactory medical treatment and sobriety enjoyed by Ms. Stewart while in custody in the intervening period between hearings and the additional evidence regarding her son.  As detailed above, those factors fall apart on this Court's further review of the record, so the Court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).

As initially stated, the government's motion for review and revocation of the release order, (ECF No. 372), is **granted**; the Release Order, (ECF No. 370), is **revoked**; and the defendant is ordered **detained** until trial.

Furthermore, the Court directs as follows:

"[The defendant is committed] to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal."  18 U.S.C. § 3142(i)(2).

"[The defendant shall] be afforded reasonable opportunity for private consultation with counsel."  18 U.S.C. § 3142(i)(3).

"[O]n order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which [the defendant]

6

is confined [shall] deliver [the defendant] to a United States marshal for the purpose of an appearance in connection with a court proceeding." 18 U.S.C. § 3142(i)(4).

While in pre-trial detention, the defendant shall have access to continued medical treatment and shall have access to any papers needed to be signed on behalf of her son until his 18th birthday.

**SO ORDERED.**

Date: 12/5/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Magistrate Judge Dinsmore

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
adam.eakman@usdoj.gov

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com